IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**COREY TAYLOR, Individually and on**                  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                      No. 4:21-cv-4092-SOH

**ARAMARK UNIFORM & CAREER APPAREL, LLC**          **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Corey Taylor ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendant Aramark Uniform & Career Apparel, LLC ("Defendant"), states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("the FLSA"), and the Arkansas Minimum Wage Act, ARK. CODE ANN. § 11-4-201, *et seq.* ("the AMWA").

2. Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay Plaintiff and others similarly situated proper overtime compensation under the FLSA and the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra.*

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims. Accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Defendant employed Plaintiff in Miller County. Therefore, the acts complaint of herein were committed and had their principal effect against Plaintiff within the Texarkana Division, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Bowie County, Texas.

10. Defendant Aramark Uniform & Career Apparel, LLC ("Aramark"), is a foreign limited liability company registered to do business in Arkansas.

11. Defendant's registered agent for service of process is C T Corporation System, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

12. Defendant, in the course of business, maintains a website at https://www.aramarkuniform.com/.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Defendant owns and operates a uniform and workplace supply distribution and laundering service and maintains locations across the United States, including one in Texarkana.

15. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as supplies, materials, vehicles and fuel.

16. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

17. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

18. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

19. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

20. Defendant employed Plaintiff as a Delivery Driver from April of 2015 to October of 2021.

21. Plaintiff's primary duty was to deliver uniforms, floor mats, restroom supplies, and other workplace products to Defendant's clients.

22. Defendant also employed other Delivery Drivers within the three years preceding the filing of this lawsuit.

23. Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA.

24. Defendant classified other Delivery Drivers as exempt from the overtime requirements of the FLSA.

25. Defendant paid Plaintiff a percentage of the amount Defendant received from each customer Plaintiff visited on his route ("piece rate"). Plaintiff was not paid a salary, and he was not paid by the hour.

26. Defendant also paid other Delivery Drivers a piece rate.

27. At all relevant times herein, Defendant directly hired Plaintiff and other Delivery Drivers to work on its behalf, paid them wages and benefits, controlled their work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

28. Plaintiff's piece rate per delivery was calculated based on a percentage of the value of the orders he delivered.

29. Plaintiff and other Delivery Drivers had no effect on the value of the orders that they delivered to Defendant's customers.

30. Other Delivery Drivers were paid the same or similar rates as Plaintiff.

31. Plaintiff regularly worked more than forty hours per week.

32. Upon information and belief, other Delivery Drivers regularly or occasionally worked more than forty hours per week.

33. Defendant did not pay Plaintiff and other Delivery Drivers an overtime premium for hours worked over forty per week.

34. Plaintiff and other Delivery Drivers were not paid for days they did not work. In other words, their pay was docked when they worked fewer hours.

35. Plaintiff and other Delivery Drivers were not paid a weekly minimum guaranty pursuant to 29 C.F.R. § 541.604(b).

36. In addition to his piece rate wage, Plaintiff regularly received bonuses.

37. Specifically, Plaintiff received a bonus of $3 for every full rack of hangers he picked up on his routes and brought back to Defendant's facility in Texarkana.

38. These bonuses were based on objective and measurable criteria.

39. Plaintiff expected to receive the bonus and did in fact receive the bonus on a regular basis.

40. Upon information and belief, all or most Delivery Drivers also received these bonuses.

41. Defendant informs Delivery Drivers of the bonuses upon hiring because the bonuses are part of Defendant's compensation package. Delivery Drivers expect to receive the bonuses.

42. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

43. Therefore, the bonuses Plaintiff and other Delivery Drivers received in weeks in which they also worked over 40 hours must be included in Plaintiff's and other Delivery Drivers' regular rate when calculating their overtime pay.

44. Plaintiff and other Delivery Drivers tracked their time via Defendant's timekeeping system.

45. Defendant knew or should have known that Plaintiff and other Delivery Drivers worked over 40 hours in some weeks.

46. At all relevant times herein, Defendant has deprived Plaintiff and other Delivery Drivers of proper overtime compensation for hours worked over forty per week.

47. Defendant knew of showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

48. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Delivery Drivers who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Overtime premiums for all hours worked over forty in any week;

   B. Liquidated damages; and

   C. Attorneys' fees and costs.

50. Plaintiff proposes the following collective under the FLSA:

**All Delivery Drivers who worked over forty
hours in any week within the past three years.**

51. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

52. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

53. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid a "piece rate," or, more precisely, a percentage of the amount Defendant received from each customer on their route;

    B. They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit;

    C. They were subject to Defendant's common policy of failing to pay them an overtime premium for hours worked over forty in a week; and

    D. They had the same or substantially similar job duties and responsibilities.

54. Plaintiff is unable to state the exact number of the collective, but believes that the collective exceeds twenty persons.

55. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

56. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

57. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

58. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

59. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

61. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

63. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

64. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

65. Defendant knew or should have known that its actions violated the FLSA.

66. Defendant's conduct and practices, as described above, were willful.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

68. Defendant has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

70. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

71. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

72. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

73. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

74. Defendant misclassified Plaintiff and other similarly situated employees and exempt from the overtime requirements of the FLSA.

75. Despite the entitlement of Plaintiff and other similarly situated employees to overtime payments under the FLSA, Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

76. Defendant knew or should have known that its actions violated the FLSA.

77. Defendant's conduct and practices, as described above, were willful.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

79. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

80. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CAUSE OF ACTION
(Individual Claim for Violation of the AMWA)

81. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

82. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, ARK. CODE ANN. § 11-4-201, *et seq.*

83. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, ARK. CODE ANN. § 11-4-203(4).

84. Arkansas Code Annotated §§ 11-4-210 and -211 require employers to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

85. Despite the entitlement of Plaintiff to overtime wages under the AMWA, Defendants failed to pay Plaintiff a proper overtime wage for all hours worked over forty each week.

86. Defendant's failure to pay Plaintiff overtime wages owed was willful.

87. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to the AMWA, ARK. CODE ANN. § 11-4-218.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Corey Taylor, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff, the collective action members, and the Court for all the hours worked by them and all monies paid to them;

C.  A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA, and their attendant regulations;

D.  Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.  Judgment for damages for all unpaid overtime compensation under the FLSA, the AMWA, and their attendant regulations;

F.  Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their attendant regulations, in an amount equal to all unpaid overtime compensation;

G.  For a reasonable attorney's fee, costs, and prejudgment interest; and

H.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**COREY TAYLOR, Individually and On Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ April Rhéaume
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com